```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

FILED
99 SEP 28 AM 8:
U.S. DISTRICT C...
N.D. OF ALABAMA

REGINA JACKSON and )
GREG JACKSON, )
)
    Plaintiffs, )
)
vs. ) Civil Action No. CV-99-S-1845-S
)
TRACY LAWRENCE ENTERPRISES and )
LOONEY'S AMPITHEATER AND PARK, )
)
    Defendants. )

ENTERED
SEP 2 8 1999

## MEMORANDUM OPINION

This action is before the court on plaintiffs' "motion to dismiss party defendant and reconsider, set aside, alter, amend or vacate" the order of dismissal entered on August 17, 1999. The court analyzes plaintiffs' motion to reconsider separate from their motion to dismiss one of the defendants. Upon consideration of the motion, briefs, pleadings, and oral arguments of counsel in Birmingham, Alabama, on September 22, 1999, the court finds plaintiffs' motion to reconsider is due to be granted.

### I. PROCEDURAL BACKGROUND

Plaintiffs Regina and Greg Jackson filed this action on July 19, 1999, against two named defendants,[1] Tracy Lawrence Enterprises

---

[1] Plaintiffs also sued a number of fictitious entities, designated as "AB, CD, and EF" in the complaint. (See id.) There is no provision for fictitious party practice under federal law. See New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); see also Federal Rule of Civil Procedure 10. Therefore, plaintiffs' claims against these fictitious parties are due to be



("TLE") and Looney's Ampitheater and Park ("Looney's"). (*See* Complaint (Doc. No. 1).)

Plaintiffs allege they attended a concert at Looney's, located in Winston County, Alabama, on or about July 25, 1997. (*See id.* ¶ 5.) Country music singer Tracy Lawrence was the featured performer. (*See id.*) At some point during the evening, plaintiff Regina Jackson slipped and fell while attempting to return to her seat. (*See id.*) Because of the fall, Mrs. Jackson allegedly suffered a number of injuries, including "permanent injuries to her lower left leg and ankle" and "extreme pain, mental anguish and emotional distress ...." (*Id.* ¶ 6.) Her husband, plaintiff Greg Jackson, sought damages for the loss of his wife's consortium. (*See id.* ¶¶ 7-8.) Plaintiffs alleged that negligence by the defendants combined and concurred to cause their respective injuries. (*See id.* ¶¶ 5-6.)

Under the law of the State of Alabama, plaintiffs had two years from the date of injury to file suit. *See* Ala. Code § 6-2-38(*l*). Plaintiffs instituted their action six days before the expiration of the relevant statute of limitation, on July 25, 1999.

Both defendants filed motions to dismiss on August 12, 1999.

---
dismissed.

2

(*See* Doc. Nos. 4-5.) Each motion asserted identical reasons for dismissal, including lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and, lack of diversity of citizenship under 28 U.S.C. § 1332(a)(1). (*See id.* ¶¶ 1, 4.)

The complaint, on its face, demonstrated a lack of complete diversity of citizenship. Plaintiffs stated they reside in Alabama and alleged Looney's to be an Alabama corporation. (*See* Complaint ¶¶ 1, 3.)[2] This court accordingly granted defendants' motion to dismiss on August 17, 1999. (*See* Doc. No. 6.) The order of dismissal left plaintiffs with no adequate forum to pursue their claims, because their time to file in state court expired as of July 25, 1999.

Plaintiffs filed a motion to reconsider the order of dismissal on September 9, 1999. The same motion also sought permission to amend plaintiffs' complaint, in order to dismiss the non-diverse party. (*See* Doc. No. 8.)

## II. DISCUSSION

"Any motion to alter or amend a judgment shall be filed no

---

[2] Paragraph 1 of the complaint states that "Plaintiffs, Regina Jackson and Greg Jackson, are husband and wife and reside at 7324 Alabama Highway 33, Moulton, Alabama, 35650." Paragraph 3 of the complaint states "Defendant, Looney's Ampitheater and Park, whose proper name is otherwise unknown, is believed to be an Alabama Corporation or other entity whose address is Post Office Box 70, Highway 278 East, Double Springs, Alabama 35553."

3

later than 10 days after entry of judgment." Fed. R. Civ. P. 59(e). Plaintiffs did not file the motion to reconsider until September 9, 1999, twenty-two days after the entry of this court's order dismissing the action. Federal Rule of Civil Procedure 60(b) provides in relevant part, however:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect .... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Therefore, the court must analyze whether plaintiffs' delay in filing their motion for reconsideration can be attributed to excusable neglect, as described in Rule 60(b)(1).

The Eleventh Circuit recently summarized what is required to show excusable neglect under Rule 60(b)(1). *See Walter v. Blue Cross & Blue Shield United of Wisconsin*, 181 F.3d 1198 (11th Cir. 1999). The *Walter* court noted excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 1201 (quoting *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 394, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993)). In *Pioneer*, the Supreme Court delineated four factors

4

courts should analyze in determining whether a delay is attributable to excusable neglect:

> the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

507 U.S. at 395, 113 S.Ct. at 1498. The Eleventh Circuit has placed primary importance on the first two of these four factors. *See Cheney v. Anchor Glass Container Corporation*, 71 F.3d 848, 850 (11th Cir. 1996). No one factor is dispositive, however. *See Walter*, 181 F.3d at 1202 (applying all four factors and concluding excusable neglect existed where deadlines were "never diaried and docketed for a timely response" after secretary working on case left the firm).

At the conclusion of oral arguments in Birmingham, this court directed plaintiffs' attorney, Cecil Caine, to submit an affidavit documenting the reasons for his delay in filing the motion to reconsider. (*See* Affidavit of Cecil Caine (Doc. No. 11).) Applying the four factors set forth by the Supreme Court in *Pioneer*, this court concludes Caine's delay in filing the motion was due to excusable neglect.

The affidavit documents in detail Caine's whereabouts from the

5

time this court filed its order of dismissal until September 9, the date on which he filed the motion to reconsider. (*See id.* at 3-5.) His delay is attributable to a variety of circumstances: a surgical procedure; numerous client meetings, hearings, and appointments that kept him out of his office; an out-of-town wedding; and a family emergency related to his father's need for emergency open heart surgery. (*See id.*) The association of a new law partner, Derek Proctor, also contributed to the delay. According to the affidavit, Proctor received the court's faxed order of dismissal and did not immediately bring it to Caine's attention. (*See id.* at 5.) These facts align somewhat with those in *Walter*, 181 F.3d at 1200. Caine stated:

> Until recently, I have practiced law alone and my secretary and I have a system for alerting me to written communications that may be important. She will place them in my incoming basket for priority items and if I am out of the office or something appears to be important, she will telephone me or I will take a message from her when I routinely call in during the day.

(Caine Affidavit, at 5.) Because Proctor handled the faxed order instead of Caine's secretary, it was not immediately brought to his attention.

A review of Caine's affidavit leads this court to conclude his delay in filing the motion to reconsider is owing to circumstances

6

not within his reasonable control. The time he spent away from the office, on both legal and non-legal matters, when combined with the inter-office procedural misstep in the handling of the court's faxed order, necessitates this conclusion. Further, as stated at oral argument and in his affidavit, Caine has acted in good faith throughout these proceedings.

The length of delay here is minimal — just twelve days beyond the normal time allotted for the filing of motions to reconsider. Its potential impact on this court and the maintenance of its docket is slight. No judicial economy or efficiency concerns are present. Finally, defendants will not be prejudiced by the court's reconsideration of its order of dismissal. At oral argument, defendants' attorneys chose to focus on whether this court lacked subject matter jurisdiction over this action, not on the threshold question of whether it should reconsider its order of dismissal.

Therefore, this court concludes plaintiffs' motion to reconsider is due to be granted. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this the __27th__ day of September, 1999.

United States District Judge

7