UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 OCT 26 PM 12: 12
U.S. DISTRICT COURT
N.D. OF ALABAMA

REGINA JACKSON and )
GREG JACKSON, )
 )
    Plaintiffs, )
 )
vs. ) Civil Action No. CV-99-S-1845-S
 )
TRACY LAWRENCE ENTERPRISES and )
LOONEY'S AMPITHEATER AND PARK, )
 )
    Defendants. )

ENTERED
OCT 2 6 1999

## MEMORANDUM OPINION

This action is before the court on plaintiffs' motion to dismiss defendant Looney's Ampitheater and Park ("Looney's"). Upon consideration of the motion, briefs, and pleadings, this court finds that plaintiffs' motion is due to be granted. Accordingly, plaintiffs may proceed against the remaining defendant in this action, Tracy Lawrence Enterprises ("TLE").

### I. BACKGROUND

The convoluted procedural posture of this action is summarized in the memorandum opinion entered on September 28, 1999. (See Doc. No. 12.) In addition to the events discussed there, this court is informed by defendants that plaintiffs filed a similar complaint against Looney's and TLE in the Circuit Court of Winston County, Alabama, on September 17, 1999. (See Memorandum brief in support

of defendants' motion to dismiss (Doc. No. 16), at 2 and Exhibit "B.") In their state court complaint, plaintiffs note:

> Plaintiffs Regina Jackson and Greg Jackson, originally filed this action in the Federal District Court of North Alabama, Case Number CV-99-S-1845-S and said action was later dismissed on motion of Defendants, based upon a lack of complete diversity. Plaintiffs presently have filed a motion to reconsider which is pending with an oral argument set for September 22, 1999 in Birmingham, Alabama. During said time that this action is in Federal District Court the Statute of Limitations on the state law claims are tolled allowing said claims to be properly before this Court. Plaintiffs are filing this action in this Court while the motion to reconsider is presently pending in Federal District Court on the exercise of caution in that, but for the tolling period, the two (2) year statute of limitations has expired and the Plaintiffs want to be assured that if the motion is not granted then they will still have a remedy in this Court.

(*Id.*, Exhibit "B," at ¶ 5.)

With respect to the action pending in this court, plaintiffs argue Looney's should be dismissed as a non-diverse, dispensable party, because the defendants are "jointly and severally" liable for plaintiffs' injuries. (*See* Plaintiffs' brief in support of motion to dismiss party defendant, at 2.) Defendants contend, on the other hand, that Looney's is an indispensable party pursuant to Federal Rule of Civil Procedure 19(b),[1] and that plaintiffs' claims

---

[1] Federal Rule of Civil Procedure 19(b) sets forth four factors a court should analyze in determining whether a party is indispensable:

   first, to what extent a judgment rendered in the person's absence

2

accordingly should be dismissed without prejudice as to each of them.

## II. DISCUSSION

The Alabama Supreme Court defined joint and several liability in *General Motors Corporation v. Edwards*, 482 So. 2d 1176 (Ala. 1985), *overruled on other grounds*, *Schwartz v. Volvo North America Corporation*, 554 So. 2d 927 (Ala. 1989):

> Where two or more tortfeasors may be responsible for the same injury, the law of proximate cause is overlapped by the law of concurrent tortfeasor liability. The basic premise of concurrent tortfeasor law is that, as alluded to above, an injury may have several concurrent proximate causes, including the actions of two or more tortfeasors, neither of whose action was sufficient in and of itself to produce the injury, who act, either together or independently, to produce it. Alabama law is clear that on such occasions, where the actions of two or more tortfeasors combine, concur, or coalesce to produce an injury, each tortfeasor's act is considered to be the proximate cause of the injury, and each tortfeasor is jointly and severally liable for the entire injury.

*Edwards*, 482 So. 2d at 1195 (internal citations omitted). "Persons may be deemed joint tortfeasors where either their separate acts combine and concur to produce a single harmful result, or where they are in certain relations with each other, such as principal

---

might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

and agent or joint venturer." Michael L. Roberts & Gregory S. Cusimano, *Alabama Tort Law Handbook* § 36.1, at 1120 (2d ed. 1996) (citations omitted).

In their complaint, plaintiffs do not expressly state that defendants are jointly and severally liable for their alleged negligence. (*See* Complaint (Doc. No. 1).) However, joint and several liability can be <u>inferred</u>. *See Brassfield v. Jack McLendon Furniture*, 953 F. Supp. 1424, 1429 (M.D. Ala. 1996) (noting that "joint and several liability is appropriate where the concurrent wrongful acts of multiple defendants cause the plaintiff injury") (citing *Butler v. Olshan*, 191 So. 2d 7, 17 (Ala. 1977)). Plaintiffs allege two separate acts by defendants as the cause of their injuries: the negligent construction of the stairs at Looney's; and shutting off of "all of the lights without warning." (*See* Complaint ¶ 5.) The complaint can be construed to attribute the negligent construction of the stairs to Looney's and the negligent light operation to TLE. These combined causes, which allegedly led to plaintiffs' injuries, establish a claim for joint and several liability.

Federal law is clear that a joint tortfeasor cannot be considered "indispensable" for purposes of Federal Rule of Civil

4

Procedure 19(b). According to the United States Supreme Court in *Temple v. Synthes Corporation, Ltd.*, 498 U.S. 5, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990):

> It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. ... The Advisory Committee Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability."

*Id.* at 7, 111 S.Ct. at 316 (citations omitted). *See Pujol v. Shearson/American Express, Inc.*, 877 F.2d 132, 137 (1st Cir. 1989) ("[I]f one thing is clear with respect to Rule 19, it is that ... a person potentially liable as a joint tortfeasor is not a necessary or indispensable party, but merely a permissive party subject to joinder under Rule 20.")

While the court is mindful of defendants' claim that Looney's as well as other entities not named as parties to this action were responsible for the construction of the stairs and the operation of the lighting on the night in question, that argument is not appropriate at this stage of proceedings. (*See* Memorandum brief in support of defendants' motion to dismiss, at 3.) If discovery shows that defendants' allegations are correct, TLE should be successful at the motion to dismiss or summary judgment stage. The court also is mindful of the ongoing, parallel state court action

5

filed by plaintiffs while their motion for reconsideration of this court's August 17, 1999 order of dismissal (Doc. No. 6) was pending. However, because plaintiffs filed in this forum <u>first</u>, this court refuses to stay or dismiss this action.

Because Looney's is not an indispensable party under Federal Rule of Civil Procedure 19(b), the court finds it may be dismissed, pursuant to Federal Rule of Civil Procedure 21.[2] Therefore, plaintiffs are entitled to proceed with their claims against TLE in this court, because complete diversity of citizenship exists. *See* 28 U.S.C. § 1332(a)(1). An order consistent with this memorandum opinion shall be filed contemporaneously herewith.

DONE this the 26th day of October, 1999.

_____
United States District Judge

---

[2] Federal Rule of Civil Procedure 21 provides:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

*See generally Fritz v. American Home Shield Corporation*, 751 F.2d 1152, 1154 (11th Cir. 1985) ("Courts have employed Rule 21 to preserve diversity jurisdiction by dropping a nondiverse party not indispensable to the action under Fed.R.Civ.P. 19.")